# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL COHEN, | CV-N-03-0606-HDM (VPC) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| DEBRA LIGHTSEY, ET AL., | **OF U.S. MAGISTRATE JUDGE** |
| Defendants. | November 30, 2005 |

This Report and Recommendation is made to the Honorable Howard D. McKibben, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are plaintiff's motion for judgment on the pleadings (#40) and defendants' motion for summary judgment (#41). Defendants opposed the motion for judgment on the pleadings (#45) and plaintiff replied (#49). Plaintiff opposed the motion for summary judgment (#50) and defendants replied (#52).

The court has thoroughly reviewed the record and the motions and recommends that defendants' motion for summary judgment (#41) be denied, and that plaintiff's motion for judgment on the pleadings (#40) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Russell Cohen ("plaintiff") is a prisoner at the Nevada State Penitentiary ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#55).[1] Plaintiff

---

[1] Plaintiff alleges violations by Ely State Prison ("ESP") employees while he was incarcerated at that prison (#11).

brings his complaint pursuant to 42 U.S.C. § 1983, alleging prison officials violated his First, Fifth and Fourteenth Amendment rights to access to the courts, his right to be free from retaliation for exercising his First Amendment rights and his Fifth and Fourteenth Amendment rights to equal protection (#11).[2]  Plaintiff names as defendants Debra Lightsey, ESP law library administrative assistant, and Melanie Mason, with inmate services. *Id*.

In counts I and II, plaintiff alleges that defendants violated his First Amendment right to access the courts by denying him use of the prison law library and by retaliating against him for filing grievances against Lightsey. *Id*. Plaintiff claims that, in retaliation, Lightsey (1) refused to send him sixty-five percent of his requests for legal books in April and July 2003; (2) refused to send him any legal books from July 31, 2003 to October 21, 2003; (3) created a bogus rule that required plaintiff to provide a court and case number or identify new litigation in order to receive legal books; (4) demanded plaintiff provide a court order and exact citation to receive legal books; (5) directed prison law clerks not to answer plaintiff's questions or to provide inadequate answers; (6) refused to provide legal forms; (7) refused to provide the prison's code of ethics; (8) falsified paperwork; and (9) threatened to send a "squad" against him shortly before his cell was shaken down. *Id*. Plaintiff contends that Mason hindered his access to the courts by sending a memo stating the allegedly bogus rule that Lightsey relied on in refusing to send legal books to plaintiff from July 2003 to October 2003. *Id*. In count III, plaintiff alleges that defendants violated his equal protection rights under the Fifth and Fourteenth Amendments because they did not deny

---

[2] Plaintiff filed his original complaint on February 25, 2004 (#6). The court issued an order dismissing all defendants except Debra Lightsey and Melanie Mason and dismissing several counts for insufficiency as a matter of law (#5). Plaintiff filed his amended complaint on June 23, 2004 (#11). The court granted defendants' motion to dismiss in part because plaintiff failed to state a claim in relation to his allegations of prison officials' interference with his state court civil litigation and because defendants, in their official capacities, are immune to suit for damages (#15, 27, 32). The court also found that defendants are not entitled to qualified immunity. *Id*.

2

other inmates access to the law library. *Id.* Plaintiff claims that he suffered actual injury in that he was unable to petition for rehearings because defendants denied him legal materials (#18).

Plaintiff filed a motion for judgment on the pleadings (#40). Defendants filed a motion for summary judgment (#41).

## II.  DISCUSSION & ANALYSIS

**A.  Discussion**

**1.  Summary Judgment**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). In deciding whether to grant summary judgment, the court must view the evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but

must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

Only evidence which might be admissible at trial may be considered by the court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Security Services, Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Evidence without a proper foundation cannot support a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).

Material facts are facts that might affect the outcome of the case; the court determines materiality by reference to the substantive law that controls the case. *Anderson*, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. *Id*. If, given the evidence submitted, a reasonable jury could hold for the nonmoving party, the dispute over material fact is "genuine." *Id*. Where there is a complete failure of proof on an essential element of the case for the nonmoving party, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**2. Judgment on the pleadings**

A party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999). When the court considers matters outside the pleadings the motion shall be considered a motion for summary judgment. FED. R. CIV. P. 12(c).

**3. Meaningful access to the courts**

The state must provide access to an adequate law library or the assistance of persons with

4

legal training. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The state may choose the means of access in order to satisfy this constitutional obligation. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "When an adequate method of access is provided and an inmate does not avail himself of it, he may not insist on an avenue of his choosing." *Id.* A regulation related to library access that arguably impinges on First Amendment rights "is valid if reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). An inmate must show that a violation of his First Amendment right of access to the courts caused him actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

**4. Retaliation**

"[T]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974). Prison authorities may not penalize or retaliate against an inmate for exercising the right to meaningful access to the courts. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). Prison officials may be sued under section 1983 for retaliating against a prisoner for exercising his or her constitutional rights. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9thCir. 2003). To establish a prima facie case of retaliation under section 1983, the inmate-plaintiff must allege: (1) that he or she was retaliated against for exercising a constitutional right, and (2) that the alleged retaliatory action did not advance legitimate penological goals, such as preserving order and discipline. *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). Such claims must be evaluated in light of the deference that must be accorded to prison officials. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Id.* The inmate bears the burden of pleading and proving the absence of legitimate correctional goals for the alleged

5

retaliatory action. *Id*. at 806.  Finally, the inmate must demonstrate that the defendants' actions caused him actual injury.  *See Resnick v. Hayes*, 213 F.3d 443, 439 (9th Cir. 2000).

ESP Institutional Procedure ("I.P.") 7.14, which was effective March 25, 2002, governs law library operation (#41, Ex. A).  Section VI prescribes methods of law library access and states that a request form "must contain specific information regarding the case being worked on by an inmate, such as case number or lawsuit" (*Id*., I.P. 7.14.VI.B.d).

**B. Analysis**

Plaintiff asserts that defendants created a bogus rule imposing an additional requirement that a case number be included on the request form for legal books, thereby violating his right to access the library, in retaliation for filing grievances against Lightsey (#50).  Plaintiff contends that Lightsey stopped filling any of his book requests for a period of time after he had filed his third grievance against her.[3]  *Id*.  Plaintiff claims that Mason wrote a memo stating the allegedly bogus rule in support of Lightsey's actions.  *Id*.  He states that the memo was only sent to him, which he argues indicates that it was directed at him in retaliation for grievances he filed.  *Id*.  Plaintiff claims that ESP assistant director of operations Glen Whorton directed defendants to stop violating plaintiff's rights and argues that this directive proves the violations occurred (*Id*., *see also* #40).

Plaintiff provides over 130 copies of requests he submitted to the law library for legal materials (#50).  From May 2002 to March 2003, approximately eighty percent of plaintiff's requests were filled, at least in part (*Id*., ex. 1).  From March 2003 to October 2003, less than twenty-five percent of plaintiff's requests were filled.  *Id*.  Plaintiff never included court and

---

[3]Plaintiff appears to refer to a grievance filed March 30, 2003 (#18, Ex. A).

6

case numbers or stated that a request related to new litigation. *Id.* Plaintiff provides copies of eleven request forms submitted in August and September 2003 that were rejected because they did not include a court or case number (#18, Ex. G). A March 2003 request was returned with a response, apparently written by Lightsey, stating: "the records say you have 5 books. you! signed for books yesterday (3), day before (2) = 5. Don't insult our intelligence. Next time you say you don't have any books I'll send squad to check your house and see" (#50, inmate interview request attached thereto, dated 3/26/03). In October 2003, plaintiff submitted a grievance complaining that a case number is *requested* not required. The grievance was sustained and the response stated "ESP staff have been contacted to correct this practice" (*Id.*, Ex. H).

Defendants argue that, although inmates have a right to meaningful access to the courts, prison officials are only required to provide "the minimal help necessary" to enable inmates to bring their claims before the courts (#41, *quoting Lewis*, 518 U.S. at 362). Defendants claim that plaintiff had access to legal materials, but chose not to comply with minimal requirements in filling out the request form. *Id*. Defendants contend that requiring a case number is a valid regulation related to the legitimate penological interest of conservation of prison resources. *Id*. Defendants argue that plaintiff's equal protection or retaliation claim fails because all inmates were and are required to provide the case number on law library request forms. *Id*.

In her affidavit, Debra Lightsey attests that I.P. 7.14, which requires inmates to state the court and case number on the form requesting books and supplies, has been in effect and enforced with respect to all inmates since at least October 1998 (*Id.*, affidavit of Debra Lightsey attached thereto, dated 7/19/05; ex. A, I.P. 7.14.VI.B.d). Lightsey states that the requirement was not selectively enforced against plaintiff in retaliation for grievances he filed

7

(*Id.*, Lightsey affidavit). Defendants attach eight library request forms from other inmates that all either include a court and case number or state that the request is for new litigation (*Id.*, Ex. C). Lightsey claims that there were no inmates working in the law library to fill inmate requests from June 13, 2003 to August 14, 2003, due to the pending investigation[4] (*Id.*, Lightsey affidavit). Finally, Lightsey attests that she has no authority to order a cell search and has never ordered such a search. *Id*.

The court will first consider the defendants' motion for summary judgment. *Id*. As to the first prong of a retaliation inquiry, defendants do not dispute that plaintiff has a constitutional right to access to the courts. *Id*. In regard to the second prong, defendants argue that they had a legitimate penological interest in enforcing the requirement in order to conserve library resources. *Id*. Defendants assert that the court and case number requirement has been in place and enforced as to all inmates since at least 1998, and they provide the regulation and requests from other inmates that include a court and case number or state that the materials are for new litigation (*Id.*, Lightsey affidavit, Ex. A, C). Plaintiff states that I.P. 7.14 and the law library request form appear to only *request* a case number, and he asserts that by denying his materials requests because he did not provide a case number, defendants interfered with his constitutional right to access the courts in retaliation for grievances he filed regarding how his law library requests were filled (#50). He attaches his affidavit and numerous copies of law library requests as well as grievances (*Id.*, affidavit of Russell Cohen attached thereto, dated 7/31/05). The request forms appear to demonstrate that defendants filled many of plaintiff's requests even though plaintiff never provided a case or court number (*Id.*, Ex. 1). The court previously found that, construing the allegations in the light most favorable to plaintiff as the

---

[4] It is unclear whether Lightsey refers to an investigation related to plaintiff's claims.

8

nonmoving party, plaintiff alleges an actual injury in that he was unable to petition for rehearings in two writs of mandamus before the Nevada Supreme Court, and his state habeas petition was denied as untimely, because defendants denied him legal materials (#18, Ex. F, E, #27, 32). Because the court found that defendants were not entitled to qualified immunity, defendants may be liable to plaintiff for monetary damages for his injury (*See* #27, 32).

At this point, the court is presented with conflicting evidence on the issue of whether defendants repeatedly rejected plaintiff's requests for legal materials in retaliation for grievances plaintiff filed, or whether defendants merely enforced an established, legitimate rule that they require of all inmates. Where reasonable minds could differ on the material facts at issue, summary judgment should not be granted. *City of Carlsbad*, 58 F.3d at 441. Here, the court concludes that reasonable minds could disagree on whether defendants imposed a previously unenforced requirement on plaintiff in order to deny plaintiff's requests for legal materials in retaliation for grievances plaintiff filed. Defendants have not met their burden of proving the absence of any genuine issue of material fact. Therefore, the motion for summary judgment (#41) is denied.

Likewise, plaintiff's motion for judgment the pleadings is also denied (#40). As discussed previously, the court concludes that reasonable minds could disagree on whether the defendants denied plaintiff's requests from the law library in retaliation for grievances plaintiff filed. Plaintiff, like defendants, has not met the burden of proving that there is no genuine issue of material fact.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that neither plaintiff nor defendant demonstrated an absence of any genuine issue of material fact. As such,

1 the court recommends that plaintiff's motion for judgment on the pleadings be denied and that
2 defendants' motion for summary judgment be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#41) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for judgment on the pleadings (#40) be **DENIED**.

**DATED:** November 28, 2005.

_____
**UNITED STATES MAGISTRATE JUDGE**